**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CHARLES EUGENE MOORE, #297332,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **CIVIL ACTION 19-0605-KD-MU** |
| **CLEO TOLLIVER,** *et al.,* | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that the claims against Defendants Kenneth Peters and William Streeter be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, with leave being granted Plaintiff to amend his claims against them. This action, nonetheless, is due to proceed against the remaining Defendant, Cleo Tolliver.

## I. Complaint (Doc. 3).

Plaintiff named three Defendants in this action, Lieutenant Cleo Tolliver, Warden Kenneth Peters, and Warden William Streeter, who were employed at Fountain Correctional Facility (Fountain) at the time of the incident. (Doc. 3 at 5-6, PageID.16-17). In Plaintiff's brief complaint, he alleges that on February 4, 2018, Defendant

Tolliver sprayed a can of mace on him while he was locked in a shower in Fountain's segregation unit and said that he was going to kill Plaintiff. (*Id.* at 5, PageID.16). To support this claim, Plaintiff states there is a body chart, an excessive force document, documents with a psychological associate and the Equal Justice attorneys, who reported the incident to the Justice Department. (*Id.*). Defendant Tolliver has caused him to suffer from post-traumatic stress disorder, mental and psychological stress, anxiety, nerve damage, pain and suffering. (*Id.*).

In addition, Plaintiff alleges that the "prison administrators" violated sections of the Alabama Code, the Eighth Amendment, and the Due Process Clause and have acted beyond the authority given by state laws and the scope of their duties. (*Id.*). He also alleges that he was found not guilty in a habeas proceeding. (*Id.*).

For Plaintiff's specific claims against Defendant Peters, he alleges "negligence, corruption, unfair discrimination, wrongful acts [-] violating the conduct within the scope of their duties." (*Id.* at 6, PageID.17). For the claims against Defendant Streeter, Plaintiff makes the same statement but includes that he was also careless. (*Id.*).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 3) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from

suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*[1]

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cty. of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 556 U.S. 662 U.S. (2009). Furthermore, the court treats factual

---

[1] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Analysis.

A review of the complaint reflects that no facts are directed to Defendants Peters and Streeter. The allegations directed to them are conclusions, legal conclusions, and naked assertions. However, in order for a complaint to state a claim, more is required than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," "'naked assertion[s]' devoid of 'further factual enhancement,'" "a legal conclusion couched as factual allegations," and the "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In the place of conclusions, unadorned assertions, or legal phrases, facts need to be pled.

A plaintiff is required to file a complaint that contains a "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" FED.R.CIV.P. 8(a)(2), "in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-557, 127 S.Ct. 1955, 1965-66, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "'It is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for

recovery[,]'" and in order to allow the defendant "to form a responsive pleading" to the complaint. *L.S.T., Inc. v. Crow,* 49 F.3d 679, 683-84 (11th Cir. 1995) (quoting *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir.1984)).

Plaintiff's claims against Defendants Peters and Streeter do not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949 (emphases added) (citation omitted). A complaint is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* And the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly,* 550 U.S. at 555-557, 127 S.Ct. at 1965-66. Whereas, allegations consisting of "[t]erms like 'due process' are inherently vague and such claims may rest on a virtually infinite number of factual scenarios." *Peterson v. Atlanta Housing Auth.,* 998 F.2d 904, 912 (11th Cir. 1993). "It is well-established that such conclusory allegations are insufficient to state a § 1983 claim for relief." *L.S.T.*, 49 F.3d at 683-84 (citing *Fullman*, 739 F.2d at 556–57).

In addition, to state a § 1983 claim, a plaintiff must show a *causal connection* between each defendant's actions, orders, customs, or policies *and a deprivation of his constitutional or federal rights* in order to state a claim. *Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983). A plaintiff can demonstrate this causal connection by alleging facts that show what *each* defendant did to violate his constitutional or federal rights or, to state it another way, that show how *each* defendant was involved in his

claim for a violation of his constitutional or federal rights. (Generally, a violation of a state statute does not demonstrate a violation of the United States Constitution or a federal law.)

Facts are necessary so Defendants Peters and Streeter would be advised of the claims against them and be able to respond to the claims and so the Court would know the nature of the claims against them. However, the only facts contained in the complaint are directed to Defendant Tolliver for spraying Plaintiff with a can of mace in a locked, confined shower. No facts are contained in the allegations against Defendants Peters and Streeter. Plaintiff's allegations against them are merely conclusions, legal conclusions, and bald assertions without any facts offered to support them.

## IV. Conclusion.

Therefore, based upon the foregoing reasons, it is recommended that Defendants Peters and Streeter be dismissed without prejudice from this action, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim against them. It is further recommended that Plaintiff be allowed to amend his claims against Defendants Peters and Streeter according to the law of Eleventh Circuit that allows a *pro* se plaintiff one chance to amend his complaint before it is dismissed "[w]here a more carefully drafted complaint might state a claim[.]" *Lee v. Alachua Cty., FL,* 461 F. App'x 859, 860 (11th Cir. 2012) (citing *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991)). However, where the amendment would be futile, the district court does not need to allow the amendment. *Id.; Carter v. HSBC Mortg. Serv., Inc.,* 622 F. A'ppx 783, 786 (11th Cir. 2015). "Leave to amend a complaint is futile when the

complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Lee,* 461 F. App'x at 860.

If Plaintiff elects to file amended claims against Defendants Peters and Streeter, they should be filed on the Court's § 1983 complaint form and cure the deficiencies noted in this Report and Recommendation.[2] If Plaintiff fails to use the Court-provided form, the Court may strike his claims and dismiss these Defendants. The amended claims will replace his prior allegations; therefore, Plaintiff shall not rely on the original allegations. The amended claims shall relate to the incident that served as the basis for the original allegations. Plaintiff should read the directions contained on the complaint form and *complete* the complaint form in its entirety. The amended claims will be subject to the screening provision of 28 U.S.C. § 1915(e)(2)(B). Plaintiff is advised that the statute of limitations for a § 1983 action filed in Alabama is two years. *Lufkin v. McCallum,* 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992). The incident about which he complained occurred on February 4, 2018, more than two years ago. Thus, if he was to re-file his claims against Defendants Peters and Streeter in another action, the re-filed action generally would be barred from going forward by the statute of limitations.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P.

---

[2] The Clerk is **DIRECTED** to send Plaintiff a § 1983 complaint form.

72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 6th day of April, 2020.


s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**